UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION


RAYMOND WILLIAMS                    CIVIL ACTION NO. 10-cv-0361

VERSUS                              JUDGE HICKS

WARDEN, DAVID WADE                  MAGISTRATE JUDGE HORNSBY
CORRECTIONAL CENTER


## REPORT AND RECOMMENDATION

### Introduction

Bossier City police officers responded to a rape call.  A 14-year-old male told police that he was spending the night with Raymond Donald Williams, Jr. ("Petitioner"), his father's ex-boyfriend, when Petitioner fondled him and engaged him in two incidents of intercourse.  Police reports say that Petitioner, who had cancer and was HIV positive, admitted to police that he had been having anal and oral intercourse with the minor.  He was arrested for two counts of molestation of a juvenile and two counts of intentional exposure to the AIDS virus.   Petitioner agreed to plead guilty to one count of molestation of a juvenile, in violation of La. R.S. 14:81.2(C) in exchange for the State dismissing the other charges.  The judge advised Petitioner at his guilty plea hearing that the maximum sentence under the statute included imprisonment for up to 20 years. Tr. 76-79.  In fact, the version of the statute that was in effect several months earlier when the crime was committed imposed a maximum sentence of only 15 years.

Petitioner was later sentenced to 15 years, with the first five years to be without benefit of probation, parole, or suspension of sentence.  Tr. 91.  Defense counsel filed a motion to reconsider on the grounds that the court had sentenced under the wrong subsection of the statute.  The court amended the sentence. The  15 year term remained, but only the first year was to be without benefits.  Tr. 96-97.  Petitioner returned for a third sentencing, for reasons not clear from the record, and received a new sentence of 15 years at hard labor (with no mention of loss of benefits).

Petitioner filed a post-conviction application in state court.  He represented that defense counsel told him that, in exchange for his guilty plea, his sentencing exposure would be reduced from 20 to 15 years, with the first five years being without benefits.  Petitioner argued he was entitled to relief from his conviction because (1) the trial judge's misstatement of the maximum penalty at the plea hearing rendered the plea invalid and (2) counsel rendered ineffective assistance by furnishing erroneous sentencing information and not correcting the judge.  The state courts denied relief, and Petitioner filed this action to seek federal habeas corpus relief on the same grounds.  For the reasons that follow, it is recommended that the petition be denied.

**Voluntary Guilty Plea**

The standard for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 91 S. Ct. 160, 164 (1970).  A guilty plea will be upheld on habeas review if it was entered into knowingly, voluntarily, and intelligently.

Montoya v. Johnson, 226 F.3d 399, 405 (5th Cir. 2000).  To show that a plea was so entered, the record should reflect an articulation and waiver of the privilege against self-incrimination, the right to trial by jury, and the right to confront one's accusers.  Boykin v. Alabama, 89 S.Ct. 1709 (1969).

Neither Boykin nor any other Supreme Court decision squarely holds that the Constitution requires the trial judge to inform the defendant of the maximum sentence he faces.  The Fifth Circuit, however, reads Boykin's requirement the defendant understand "the plea and its consequences" to require such information. Burton v. Terrell, 576 F.3d 268, 271 n.8 (5th Cir. 2009).[1]

The transcript of the guilty plea shows that the court determined Petitioner's age, lack of influence by substance, and his satisfaction with his defense counsel.  The court informed Petitioner of rights as required by Boykin, and also told Petitioner about the obligation of the prosecution to prove guilt beyond a reasonable doubt, the right to appeal, and the like.  Tr. 76-82.

The court attempted to inform Petitioner of the minimum and maximum penalty by reading the penalty provision of the statute, but the statute he read was the amended version

---

[1] The Supreme Court has since emphasized that evaluating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations."[I]t is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by this Court." Harrington v. Richter, 131 S.Ct. 770, 786 (2011), quoting Knowles v. Mirzayance, 129 S.Ct. 1411, 1413-14 (2009).

that carried a 20-year maximum (rather than the applicable version that carried only a 15-year maximum). Petitioner said he understood the penalty.  Tr. 78-79.  Petitioner agreed to a factual basis recited by the prosecutor, and both Petitioner and his counsel informed the court that they believed Petitioner understood his rights and had voluntarily waived them. Petitioner entered his plea of guilty.  Tr. 80-85.

Petitioner argued in his post-conviction application that his guilty plea was not knowing, intelligent and voluntary because it was somehow coerced by the court's incorrect statement that the maximum sentence was 20 years (when it was only 15).  The trial judge reviewed the plea transcript, noted that Petitioner was correct about the maximum sentence of 15 years, and observed that Boykin does not require a defendant be advised of the sentencing range when he enters a guilty plea. The court cited State v. Honeycutt, 953 So.2d 914, 919-20 (La. App. 2d Cir. 2007) (advice regarding sentencing not part of core Boykin requirements). See also Aguirre-Mata v. State, 125 S.W. 3d 473 (Tex. Crim. App. 2003) (trial court failing to admonish defendant on the range of punishment not constitutional error). The court noted the benefits of the plea bargain included dismissal of the other three counts and found it "highly unlikely" that Petitioner would have chosen to go to trial on those multiple counts had he known the maximum sentence was 15 rather than 20 years.  Tr. 54-60.

The state appellate court found Petitioner's argument to be "retrospective and specious" and agreed that the erroneous advice by the trial court, which was not corrected by defense counsel, had no effect on the voluntariness of the plea.  Tr. 70.  The appellate court denied a request for reconsideration with a brief observation that the trial court's error

during the plea colloquy was harmless.  Tr. 72.  The Supreme Court of Louisiana denied

writs without comment.  Tr. 74.

Habeas corpus relief is available with respect to a claim that was adjudicated on the

merits in the state court only if the adjudication (1) resulted in a decision that was contrary

to, or involved an unreasonable application of, clearly established federal law, as determined

by the Supreme Court of the United States or (2) resulted in a decision that was based on an

unreasonable determination of the facts in light of the evidence presented in the state court

proceedings.  28 U.S.C. § 2254(d).

A state court's decision is contrary to clearly established Supreme Court precedent

when it relies on legal rules that directly conflict with prior holdings of the Supreme Court

or if it reaches a different conclusion than the Supreme Court on materially indistinguishable

facts.  Pape v. Thaler, 645 F.3rd 281, 287 (5th Cir. 2011).  A state court makes an

unreasonable application of clearly established federal law when it identifies the correct

governing legal principle from the Supreme Court's decisions but applies it to the facts in a

way that is not only incorrect but objectively unreasonable.  Renico v. Lett, 130 S.Ct. 1855,

1862 (2010).

It is admitted that the trial court overstated the maximum sentence Petitioner faced.

Petitioner argues that his plea is invalid because he thought, as a result of the judge's

mistake, that his plea bargain with a maximum exposure to 15 years was actually reducing

his exposure.  As discussed below in connection with the Strickland claim, there is no

evidentiary basis in the state court record to support Petitioner's claim that he had a plea

bargain with a 15-year cap on his sentence.  That deprives this claim of any factual support. The record otherwise is fully indicative of a voluntary plea.  There is nothing in the way the trial court conducted the guilty plea hearing that, based on the state-court record, rendered the plea invalid and would permit federal habeas intervention.

**Ineffective Assistance of Counsel**

Petitioner bears the burden of proving two components, deficient performance and prejudice, to establish ineffective assistance of counsel.  Counsel's performance was deficient only if he made errors so serious that, when reviewed under an objective standard of reasonable professional assistance and afforded a presumption of competency, he was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland v. Washington, 104 S.Ct. 2052, 2064 (1984). To show prejudice in a guilty plea case "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 106 S.Ct. 366, 370 (1985).

Petitioner argues that counsel's erroneous advice about the maximum sentence (and failure to correct the trial court) made it appear to Petitioner that a guilty plea limiting his exposure to 15 years was a bargain because it reduced his maximum exposure.  The trial court denied the claim on post-conviction application based on a finding that counsel had not committed any error and Petitioner had not alleged specific facts to indicate a reasonable probability that, but for any error, he would have insisted on going to trial.  Tr. 61-62.  The

state appellate court agreed that the issue had no effect and was not indicative of ineffective assistance of counsel.  Tr. 70.

Petitioner's claim was adjudicated and denied on the merits by the state court, so 28 U.S.C. § 2254(d) directs that the question is not whether a federal court believes the state court's determination under the <u>Strickland</u> standard was incorrect but whether the determination was unreasonable, which is a substantially higher threshold. <u>Schriro v. Landrigan</u>, 127 S.Ct. 1933, 1939 ( 2007). The <u>Strickland</u> standard is a general standard, so a state court has even more latitude to reasonably determine that a defendant has not satisfied it. The federal court's review is thus "doubly deferential." <u>Knowles v. Mirzayance</u>,129 S.Ct. 1411, 1420 (2009).

"If this standard is difficult to meet, that is because it was meant to be." <u>Harrington v. Richter</u>, 131 S.Ct. 770, 786 (2011).  Section 2254(d) "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings" and reaches only "extreme malfunctions" in the state criminal justice system. <u>Id</u>.  Thus, "even a strong case for relief  does not mean the state court's contrary conclusion was unreasonable." <u>Id</u>.

A necessary element of this claim is that Petitioner had a plea bargain that included a 15 year cap on his sentence. Relief is not available on the claim because there is no evidence in the state court record to support Petitioner's bare allegations that he had a plea bargain that included that term and that counsel told him the plea bargain reduced his sentencing exposure.

It is common practice in Louisiana state courts for the prosecutor, court, and defense counsel to ensure the terms of any plea bargain are stated on the record at the guilty plea hearing. That happened here with respect to the agreement to dismiss the other three charges, but there were no other terms mentioned.   Neither defense counsel nor the prosecutor commented when the trial judge stated that the maximum sentence was 20 years, which seriously undermines Petitioner's contention that part of the plea bargain was a maximum exposure of 15 years.  And Petitioner told the judge that he understood the sentence was up to the court and there had been no promises made to induce his plea.  Tr. 81.

Not every plea bargain results in a cap on the maximum sentence.  Sometimes, when the defendant's guilt is beyond question, there is nothing at all given to the defense in exchange for a guilty plea.  Petitioner did obtain, in exchange for his plea, the benefit of three serious charges being dismissed.  His contention that his plea bargain included a reduction in sentencing exposure finds absolutely no support in the record. A Strickland petitioner must overcome the limitations of Section 2254(d) "on the record that was before the state court," Cullen v. Pinholster, 131 S.Ct. 1388 (2011), and it is reversible error for a federal district court to hold a federal hearing to flesh out such a claim. Pape v. Thaler, 645 F.3d 281, 288 (5th Cir. 2011).  Petitioner cannot prevail based on that record.

Assuming counsel actually told Petitioner he was gaining a reduction in sentencing exposure (when he was not), Petitioner still must show a reasonable probability that but for that error he would not have pleaded guilty and would have insisted on going to trial.  The test for whether petitioner would so have insisted is an objective one, and "[s]imply alleging

prejudice will not suffice." Mangum v. Hargett, 67 F.3d 80, 84 (5th Cir. 1995).  Petitioner has made only the most bare assertion that, had he been given correct advice, he would have insisted on going to trial. He give no plausible basis for why he would have made such a radical decision based on the mere fact that he faced a 15 rather than 20-year sentence.

The defendant's chances for success at trial is a factor in assessing prejudice. Mangum, 67 F.3rd at 84.  The record indicates that Petitioner waived his Miranda rights and admitted to the investigating officers that he had engaged in oral and anal sexual intercourse with the minor. Tr. 89. Petitioner has not articulated any viable defense to any of the four charges he faced.  Given the admission of guilt and lack of defense, the state court's finding that Petitioner did not show prejudice was not objectively unreasonable.  Habeas relief is not permitted on this claim.

Accordingly,

**IT IS RECOMMENDED** that the petition for writ of habeas corpus be **denied** and **dismissed with prejudice**.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are

directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b).  Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within fourteen (14) days from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 8th day of March, 2013.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE